## Housing Authority Bonds

BARD, Attorney General, October 19, 1938.—We have your request to be advised whether the Act of April 28, 1933, P. L. 97, is applicable to bonds issued under the Housing Authorities Law of May 28, 1937, P. L. 955.

In order to answer your question it is necessary to refer to the Act of March 31, 1927, P. L. 91, which act first gave the Department of Internal Affairs jurisdiction over the approval of municipal bonds. The title of that act is as follows:

"An act relating to municipal indebtedness; imposing certain powers and duties upon the Department of Internal Affairs, and the officers of counties, cities of the third class, boroughs, towns, townships, school districts of the second, third, and fourth classes and poor districts, in connection with proceedings to incur and increase indebtedness". Section 1 of the Act of 1927 provides:

"That the word 'Municipality,' as used in this act, shall mean any county, city of the third class, borough, town, township, school district of the second, third, and fourth class, and poor district."

Thus it can be seen that the Act of 1927 included only such political subdivisions of the State as were in ex-

istence and known at the time of the passage of said act. Subsequent to the passage of the Act of 1927, the legislature, by the Act of 1933, supra, amended the Act of 1927, by providing as follows:

"The mayor of each city of the third class, the burgess of each borough or town, the president of the board of county commissioners of each county, the president of the township commissioners of each first class township, the chairman of the board of township supervisors of each second class township, the president of each school board, and the president or chairman of the board of poor directors or overseers of each poor district, which shall have any proceedings for the incurring or increasing of indebtedness, except notes issued in anticipation of revenue for not more than one year, shall, before any bonds or evidence of indebtedness are actually issued and sold, certify to the Department of Internal Affairs a complete and accurate copy of the proceedings had for such incurring or increasing of indebtedness, together with the assessed valuation of the property subject to taxation within the respective municipality, the total amount of the existing indebtedness, the several amounts claimed as permitted deductions in ascertaining the real indebtedness of such municipality, *and a fee of ten dollars ($10.00), plus an additional fee of one-half of one mill on each dollar of the aggregate par value of bonds, certificates, or evidences of indebtedness to be issued and sold by such municipality. All fees received hereunder shall be paid by the Department of Internal Affairs into the State Treasury, through the Department of Revenue.*"

It will be noted that under the two acts above referred to no mention is made of any housing authority. The acts specifically enumerate those political subdivisions which must do certain things before issuing bonds, certificates of indebtedness, or other evidence of indebtedness. Those named do not include housing authorities.

By the Housing Authorities Law of 1937, supra, the legislature provided for the setting up of housing authori-

ties and the issuing of bonds, secured only by the revenue from the buildings constructed. These obligations are not in any sense municipal obligations for the reason that the municipality cannot be called upon to pay the housing bonds when they become due. The only security back of the payment of the bonds is the rental which will be received by the housing authorities for the use of said buildings.

After the Housing Authorities Law of 1937 was drafted, a provision was inserted in section 18 as follows:

"Before any bonds may be sold in pursuance of any resolution of any Authority the chairman or secretary of such Authority shall certify to the Department of Internal Affairs a complete and accurate copy of the proceedings had for the issuance of the bonds which are to be sold in the manner now or hereafter provided for the certification to said department of the proceedings relating to the issuance of bonds of the municipalities of this Commonwealth. Upon receiving a certificate of approval of the proceedings from the Department of Internal Affairs, the Authority may proceed with the sale of the bonds."

The question which arises at this point is whether the legislature, being aware that all bond proceedings approved by the Department of Internal Affairs were subject to a filing and examination fee, intended that the housing bonds would be subject to the same fee, or whether the legislature intended no fee should be charged because of the fact that the act does not so state. From the wording of the Act of 1937 it would seem that all the provisions of the Act of 1927 would have to be carried out insofar as they are practical, viz., that the authority shall furnish the Department of Internal Affairs with a complete and accurate copy of the proceeding had for the incurring or increasing of said indebtedness, together with the assessed valuation of the property subject to taxation within the district, the total amount of existing indebtedness and the amounts claimed as permitted deduc-

tions. No such provision would be required under the housing authority bonds for a tax levy as would be required by bonds of a municipality for the reason that the municipality, in the case of the housing bonds, would not levy any tax to pay the bonds.

Therefore, we are of the opinion that the Housing Authorities Law merely provides that the proceedings must be submitted to the Department of Internal Affairs for approval, without providing that the fee which other political subdivisions must pay in submitting bonds for approval, must be paid by the housing authority.

Therefore, you are advised that the Act of 1933 is not applicable to bonds or bond proceedings submitted to the Department of Internal Affairs by housing authorities under the Act of 1937.